IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

NEDOLANDEZ LEONEL SANTOS,      *
#140 896
          Plaintiff,                  *

          v.                          *            2:09-CV-787-TMH
                                              (WO)
OFFICER DANNY FLEMMING,        *

          Defendant.                  *

_____

**ORDER ON MOTION**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate currently confined at the Limestone Correctional Facility. Plaintiff complains that on July 4, 2009, while incarcerated at the Ventress Correctional Facility, Defendant Flemming denied him access to breakfast after observing Plaintiff take a short cut to the chow hall rather than walking with the other inmates. During his encounter with Defendant Flemming, Plaintiff asserts that the guard verbally abused and threatened him. These claims fail to state a claim of constitutional magnitude. *See e.g. Spicer v. Berezansky*, 2005 WL 2177077 * 2 (D. Del. 2005) (finding frivolous plaintiff's allegation that he was deprived of a single meal, resulting in the denial of food for a period of 17 hours); *Hutch v. Department of Corrections,* 993 F.2d 882 (9th Cir. 1993) (affirming district court's decision dismissing claim as frivolous where plaintiff alleged that he was denied breakfast twice, called names by a prison guard, not given the correct religious diet on one occasion and did not receive regular mail delivery on four occasions); *Brown v. Madison Police Department,*

2003 WL 23095753, *3 (W.D.Wis.2003) (dismissing claim by plaintiff alleging that he was denied two meals on a single occasion); *see also McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983) (verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation).  To the extent Plaintiff alleges that the actions of Defendant Flemming amounted to a violation of his right to equal protection, his complaint fails to state a claim of constitutional magnitude.  *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001) (to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest).  To the extent Plaintiff alleges that he has been subjected to retaliation for filing complaints, he will be directed to file an amended complaint as further directed herein.

Accordingly, it is

ORDERED that on or before **October 23, 2009**, Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint.  *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms).  ***Plaintiff's original complaint shall be superseded by this amended complaint***.  That means Plaintiff shall no longer rely on the original complaint.   It is necessary for Plaintiff to file a separate complaint for each claim unless the claims are related to the same incident or issue.  Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs.  Plaintiff must, therefore, decide

on which claim(s) he will proceed in this action.

Accordingly, it is further

ORDERED that on or before **October 23, 2009** Plaintiff file an amended which:

1.   Names the individual(s) who allegedly violated his constitutional rights by subjecting him to retaliation;

2.   Describes **with particular detail** how the individual(s) named as the defendant(s) acted in violation of ***his*** constitutional rights with regard to his allegation of **retaliation**. That is, Plaintiff must state specifically what that individual defendant(s) did or failed to do and what he or she knew.  If there are more defendants than there are spaces on the form, Plaintiff may attach additional pages to the form, but he must follow the format contained in the form for each additional defendant and identify his claim(s) against each defendant;

3.   Specifies the date(s) on which the alleged constitutional violation(s) described in ¶ 2 occurred;

4.   Complies with F.R.Civ.P. 8(a) which requires that a plaintiff plead  "'a *short and plain* statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

Plaintiff is advised that his failure to file an amended complaint within the prescribed time and in accordance with the directives contained in this order will result in a

Recommendation that this case be dismissed for failure to prosecute and to obey the court's order.  Furthermore, the failure to plead an amended complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after being required to replead a complaint, will result in a Recommendation that the complaint be dismissed  under F.R.Civ.P. 41(b) for failure to comply with the court's order.  *Pelletier v. Zweifel*, 921 F.2d 1465,  1522 n.103 (11th Cir. 1991).

In light of the instant order, it is further

ORDERED that Plaintiff's motions to amend (*Doc. Nos. 4, 5, 6, 16*) be and are hereby DENIED.

Plaintiff is cautioned that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed.

The Clerk is DIRECTED to furnish Plaintiff with a form for use in filing a complaint under 42 U.S.C. § 1983.

Plaintiff is reminded to write the civil action number assigned to the instant case (**Civil Action No. 2:09-CV-787-TMH**) on the § 1983 form returned to the court pursuant to this order.

Done, this 8th day of October 2009.

_____/s/ Terry F. Moorer_____
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE