IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

NEDOLANDEZ LEONEL SANTOS,  \*
#140 896
    Plaintiff,  \*

    v.  \*      2:09-CV-787-TMH
        (WO)

OFFICER DANNY FLEMMING,  \*
*et al.*,
    Defendants.  \*

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on an amended complaint filed by Plaintiff on October 19, 2009.[1] Plaintiff seeks $10,000.00 in damages for a violation of his right to equal protection. Names as defendants are Lieutenant A. Moses, Sergeant Calhoun, and Correctional Officer Danny Flemming. Upon review of Plaintiff's amended complaint the court finds that this matter is due to be dismissed prior to service under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Plaintiff originally filed this action on August 20, 2009. On October 8, 2009 the court directed Plaintiff to file an amended complaint as further set forth therein. The order also informed Plaintiff that the amended complaint filed in compliance with the October 8 order would supersede the original complaint. (*See* Doc. No. 19.)

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Equal Protection*

Plaintiff alleges that Defendants violated his right to equal protection on July 4, 2009 by denying him the opportunity to eat one of the two meals served that day. According to Plaintiff, he took the shortest route to the chow hall but "[m]issed chow because [he] was sent back to go the route far around away from the chow hall . . ." (*Doc. No. 22 at pg. 3*.)

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, in order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than against instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. *GJR Inv., Inc. v. County of Escambia,* 132 F.3d 1359, 1367-68 (11th Cir. 1998); *Coon v. Ga. Pac. Corp.,* 829 F.2d 1563, 1569 (11th Cir. 1987).

Inmates themselves do not constitute a suspect or quasi-suspect class entitling such persons to "strict scrutiny" of disparate government treatment. Here, what Plaintiff complains of is his disappointment in missing one of two meals served at the prison during a holiday meal schedule. Plaintiff regards this conduct as actionable unequal treatment. Nevertheless, Plaintiff does not allege that he has been subjected to any tangible unequal treatment by Defendants' conduct such as their decision being based upon a constitutionally protected interest. As a matter of law, therefore, the allegations supporting this claim, without more, do not rise to the level of a constitutional violation.

*B. Eighth Amendment*

To the extent Plaintiff's claim that he missed a meal on July 4, 2009 may be considered to assert an Eighth Amendment violation, he is likewise entitled to no relief. Plaintiff claims that missing one of the meals served on July 4, 2009 was unthoughtful and unreasonable conduct and deprived him of one of the required nutritional number of meals

served that day (*Doc. No. 22 at pgs. 3-4.*)

A prison official has a duty under the Eight Amendment to "ensure that inmates receive adequate food, clothing, shelter and medical care." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective component requires an inmate to prove that he was denied the "minimal civilized measure of life's necessities." *Id*. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837.

With respect to claims involving a denial of food, courts look to the amount and duration of the deprivation in determining whether the deprivation is sufficiently serious. *See Talib v. Gilley,* 138 F.3d 211, 214 n.3 (5th Cir. 1998). In this case, Plaintiff alleges the deprivation of a single meal on one occasion. The court concludes that this deprivation is not sufficiently serious to rise to the level of a constitutional violation, and it is, therefore, subject to dismissal as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). *See e.g. Dartling v. Farwell*, 139 Fed. Appx 847 (9th Cir. 2005) (inmate's allegation that he was deprived of a single meal did not constitute an injury serious enough to support an Eighth Amendment claim.); *Wilkins v.*

*Roper*, 843 F. Supp. 1327 (E.D. Mo.1994) (plaintiff failed to state a claim under the Eighth Amendment based on the denial of a single meal); *Brown v. Madison Police Department*, 2003 WL 23095753, *3 (W.D. Wis. 2003) (dismissing claim by plaintiff alleging that he was denied two meals on a single occasion).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **December 15, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 1st day of December 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE